IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-09-01552 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **SUPERINTENDENT OF** | : | |
| **SCI-MERCER**, *et al.*, | : | |
| | : | |
| Respondents | : | |

# **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Ronald L. Bricker ("Bricker"), an inmate currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania. (Doc. 1.) Bricker is challenging his 2004 convictions and sentences in the Court of Common Pleas of Dauphin County, Pennsylvania ("trial court" or "Dauphin County trial court") on charges of bad checks and theft by deception. For the reasons that follow, the petition will be dismissed as a successive petition under 28 U.S.C. § 2244(b).

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). A court must summarily dismiss a petition

"[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243; *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). A petition may be dismissed without review of a response "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Id*. at 141.

The pertinent authority for dismissing successive habeas petitions is found in 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).[1] Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition "that present[ed] no new ground not theretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991) (quotations omitted). The former 28 U.S.C. § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a

---

[1] Rule 9 of the Habeas Corpus Rules provides:

Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

2

judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244 (1948), *amended by* 28 U.S.C. § 2244(b) (1996).

In *McCleskey*, the United States Supreme Court expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> [A] petitioner may abuse the writ by failing to raise a claim through inexcusable neglect. Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

*McCleskey*, 499 U.S. at 489.

Following the 1996 amendments, 28 U.S.C. § 2244(b) now provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

3

> reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

In the instant case, Bricker filed a prior § 2254 petition in this court in 2007. His earlier action, which similarly challenged the legality of his 2004 state convictions and sentences, was denied by memorandum and order dated December 12, 2007. (*See Bricker v. Superintendent of SCI-Mercer*, Civ. No. 1:07-cv-00481, Doc. 24.) After reviewing the instant petition, the court holds that the petition is a "second or successive" petition because Bricker's claims are similar in all respects to the arguments raised in his earlier petition. In both petitions, Bricker appears to be asserting similar claims of ineffective assistance of counsel, such as a claim that his appointed counsel failed to file appropriate appeals in state court on his behalf. Additionally, both petitions seemingly assert that all parties involved, including the trial court judge and all attorneys, conspired to have him convicted of the bad checks and theft by deception charges. Bricker's creative allegations in support of these same underlying claims of ineffective assistance of counsel and trial court error in the instant petition have not convinced the court that the instant petition

4

falls within the statutory exceptions outlined above.[2]

Further, there is no indication that Bricker applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in § 2244(b), Bricker's instant successive petition cannot be entertained by the court. Thus, the petition will be dismissed.

An appropriate order follows.

                                                      s/Sylvia H. Rambo
                                                    United States District Judge

Dated: October 2, 2009.

---

[2] Bricker's instant petition and accompanying memorandum of law, totaling twenty-one pages plus a number of exhibits, is a rather rambling set of allegations against the state and federal governments with respect to his underlying claims relating to the 2004 state convictions and sentences. (*See* Docs. 1 & 3.) For example, Bricker claims that the trial court lacked the authority to oversee his case in state court because there is no criminal code in Pennsylvania's constitution. (Doc. 1 at 1.) He also claims that a criminal or civil action never should have been brought against him because the Commonwealth of Pennsylvania and the United States are insolvent entities and therefore have lost their authority to initiate such actions. (Doc. 1 at 3, 5-6.) Further, he claims that the state courtrooms are under military occupation by "conquering foreign creditors of the Federal Reserve/IMF and its garrison troops, the British Esquire of the bench and bar association, under the mission statement," (Doc. 1 at 6), because the courtrooms do not fly "the American flag of peace of the (u)nited States of America and no other,"and instead fly "gold-fringed military flag of war enforcing the private, general equity, admiralty/maritime law in the courtrooms," (*id*. at 6-7). In a related assertion, Bricker claims that because attorneys are members of bar associations, which have mission statements, they are in conflict of interest with the Pennsylvania and United States Constitutions and thus, attorneys and judicial officers have committed treason against American citizens and have no authority to initiate civil or criminal actions against him. (*Id*. at 6-7.) There is nothing in the instant petition to indicate that Bricker could not have raised the assertions in support of the underlying claims of ineffective assistance of counsel and trial court error at the time he filed his previous § 2254 petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD L. BRICKER, :
:
    Petitioner : CIVIL NO. 1:CV-09-01552
:
v. : (Judge Rambo)
:
SUPERINTENDENT OF :
SCI-MERCER, *et al.*, :
:
    Respondents :

# O R D E R

**AND NOW**, this 2nd day of October, 2009, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as a successive petition under 28 U.S.C. § 2244(b).

2) The Clerk of Court is directed to **CLOSE** this case.

3) There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

                                                    s/Sylvia H. Rambo
                                                  United States District Judge